Filed 12/3/13  P. v. Rosales CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C073577 |
| Plaintiff and Respondent, | (Super. Ct. No. CM036833) |
| v. | |
| FRANCISCO ROSALES, | |
| Defendant and Appellant. | |

On July 14, 2012, defendant Francisco Rosales got into an argument with his cohabitant, who was pregnant with his child.[1]  At various points in the argument, which continued to the following day, defendant stated, "If I can't have you, then nobody else can"; he threatened to kill the cohabitant; he said, "I might as well kill you now"; he told her, "You're not calling the cops.  You're never going to call the cops"; and he threatened to kill her because she was worthless.

Defendant pleaded no contest to threatening to commit a crime that would result in death or great bodily injury (Pen. Code, § 422, subd. (a)) and admitted that he had served

---

[1] Because the matter was resolved by plea, our statement of facts is taken from the victim's testimony at the preliminary examination.

a prior prison term (Pen. Code, § 667.5, subd. (b)).  In exchange, three related counts and a knife use allegation were dismissed with a *Harvey* waiver.[2]

Defendant was sentenced to prison for the upper term of three years plus one year for the prior conviction.  He was awarded 243 days' custody credit and 242 days' conduct credit.  Defendant was ordered to make restitution to the victim and to pay a $280 restitution fine (Pen. Code, § 1202.4, subd. (b)); a $280 restitution fine, suspended unless parole is revoked (Pen. Code, § 1202.45); a $40 court operations fee (Pen. Code, § 1465.8, subd. (a)(1)); and a $30 court facilities assessment (Gov. Code, § 70373).  Defendant's request for a certificate of probable cause was denied.

We appointed counsel to represent defendant on appeal.  Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.  More than 30 days elapsed, and we received no communication from defendant.  Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

**DISPOSITION**

The judgment is affirmed.

        RAYE        , P. J.

We concur:

      BLEASE      , J.

      HULL      , J.

---

[2] *People v. Harvey* (1979) 25 Cal.3d 754 (*Harvey*).